M’Girk, C. J.,
delivered the opinion of the Court.
This was a proceeding by mandamus, in the Circuit Court, by Robbins against the County Court, to compel the County Court to audit and allow interest to him, due a he alledged on a county warrant. The record shows that Robbins liad and held ;v warrant on the county treasury, and that he piesented the same at the county treasury, to the treasurer, for payment, and that payment was refused, on the ground that there were no funds in the treasury. The plaintiff in error then applied to the County Court to audit the interest due on his warrant, and give him a warrant for the interested, which was refused.
The Circuit Court was applied to for a mandamus to compel the County Court to audit the interest, which was refused. To reverse this decision the cause is brought here. The only question presented is, do the warrants issued by the County Court bear interest? If they bear interest, then the plaintiff would be entitled to his warrant for the amount of interest, as the treasurer is expressly required only to pay money on the order of the County Court.
The law relied on by the plaintiff in error is, the first section of an act, entitled, an act regulating the interest of money, see Revised Code, 461, which says that creditors, excepting as hereinafter excepted, shall be allowed to receive interest at the rate of six per centum per annum, for all moneys after they become due, on bond, bill, promissory note, or other instrument in writing, &c. It is insisted by Messrs. Carr and Chambers, counsel for the plaintiff, that this act applies to their case; that here money appears to be due by an instrument in writing, which is the warrant and order of the County Court. It is contended on the other side by Mr. Hunt, the Circuit Attorney, that- this act does not apply to the case, and he insists that when the Legislature made the above act, they only had in view individual debtors, and nof counties as debtors ; otherwise the county would have been named.
It may be true that the Legislature did not even so much as think of embracing in the law, counties as liable to pay interest, But the words of the act are extensive enough to embrace all persons, and bodies, capable oí owing money by bond, bill, promissory note, or other instrument in writing. By law the county is able to buy and sell certain things, to contract and be contracted with, and a County Court is by law expressly required to audit and allow all demands against the county, and to¡ draw a warrant on the treasury fpr the amount allowed ; here there is an instrument in writing, which shows money is due, but we are clear that the warrant must be presented at the treasury for payment, and payment refused, before any interest arise?; *43 that has been done in this case-. But it is said interest will arise from day to day, and will the holder of the warrant be allowed to present it to the County Court, and have his interest audited from day to day ? The answer to this is, that from year to year would seem to be often enough to have interest audited.
The judgment of the Circuit Court is reversed ; and this cause is sent back with directions to the Circuit Court to proceed in conformity with this opinion.