WOODEN, use of, &c. vs. BUTLER.

An agreement signed by A and B, reciting that A had leased certain premises to B, for the term of one year, with the privilege of another year—in which for such lease B promises to pay at the rate of $200 per annum quarterly, and if not paid A to re-enter, and have a lien on the stock of goods in the store, is assignable at law under our statute.

## ERROR to Hannibal Court Common Pleas.

Glover & Campbell, *for Plaintiffs in error, insist :*

That the judgment of the Circuit Court should be reversed,

1. Because the Court of Common Pleas erred in excluding the written lease from the jury, upon the supposition that the same was assignable at law. See 1st Dana's Reps., p. 594; 6 Mo. Rep., p. 509. It seems quite clear to us, that the article of agreement between Butler and Wooden, is neither a bond or note within the meaning of the statute. 2 Littell, 167; 3 Bibb, 441; 2 Bibb, 233.

2. Because the lease was proper legal evidence, to go before the jury. Rev. Code 1845, p. 688, § 12. The instrument reserving the rent, was not under seal; assumpsit for use and occupation therefore was the proper remedy. 14 Mass. R., 97; 8 Mo. R., 213; 8 Mo. R., 738.

Richmond, *for Defendant in error, insists :*

1. This suit is for recovery upon a written instrument, and no *profert* thereof is made in the declaration. Rev. Stat. Mo., 812.

2. The paper offered to be read in evidence, is in effect a note for the payment of money, and having been *assigned* before suit, the action should have been in the name of Webb, the assignee. Jeffries vs. Oliver, 5 Mo. R.. 433; Rev. Laws Mo., 190.

3. But if the writing is not a note, it is a *lease,* and being such the *rent* (which alone is sued for) is assignable without the aid of the statute concerning "bonds and notes." Promises to pay rent run with the land, and are assignable with the lease. Marle vs. Flake. 3 Salkeld, 118; Demerset vs. Willard, 8 Cow., 206–12, and cases there cited. Bacon's Abridgement, title Covenant, letter e, p. 71, 74.

4. The paper could be of no use to show occupation by the defendant, *after the expiration of the term,* as no other evidence was offered, and the suit was brought to recover so much money only, as was due by the written article.

McBride, J., *delivered the opinion of the Court.*

Wooden brought an action of assumpsit in the Hannibal Court of Common Pleas, against Butler, for use and occupation of certain leasehold property. The defendant appeared and pleaded the general issue, and demurred at the same time to the plaintiff's declaration. The demurrer was argued, overruled and withdrawn. At the November term, 1846, of said court, the issue joined was submitted to a jury, and on the trial of

the cause, the plaintiff offered to read as evidence to the jury, the following article of agreement, to-wit:

"This agreement witnesseth: That George Wooden has rented unto ——— Butler thereof, the store and houses, on the lot pertaining thereto, being that part of lot number one, in block number eight, in Hannibal, lately owned by James Convoy, for the term or period of one year, from and after the 16th day of December last past, with the privilege of another year thereafter, at the price and rate of two hundred dollars, payable quarterly. And the undersigned, A. J. Butler, agree for the use and occupancy of the said premises, to pay to the said Wooden, the said sum of two hundred dollars per year, and to pay the same in four instalments or quarterly payments of three months from the said 16th day of December last past; and in default of such payments punctually to be made, they do further agree that the stock of goods then in the said store, shall be subject and bound for the same, and that the said Wooden shall have the right to re-enter and take possession of the premises. In witness whereof, we have hereunto set our hands to duplicate copies of this agreement, and retain one each; this 13th day of January, 1844.

A. J. BUTLER,

Teste, JOHN P. STEWART.            G. WOODEN."

On the back of which agreement, is the following assignment, to-wit:

"I assign the within to A. B. Webb, for value received. March 23, 1844.            G. WOODEN."

It was admitted by the parties, that the assignment on the said writing to Webb, was made by Wooden, and the said lease was signed by Wooden and Butler respectively. The defendant objected to the reading of the lease as evidence in the cause, because the assignment divested all right of action in the plaintiff. The court sustained the objection, and excluded the lease from the jury: thereupon the plaintiff suffered a nonsuit, with leave to move to set the same aside, which he subsequently did; but the court overruled his motion, to which he excepted, and has brought the case here by writ of error.

The only question is, did the Court of Common Pleas correctly reject the lease offered in evidence? We think the Court of Common Pleas decided correctly, for divesting this agreement of all verbiage and it amounts to nothing further than a direct undertaking on the part of Butler to pay to Wooden the sum of two hundred dollars, in four equal instalments, at the end of every three months. What is contained in the writing, concerning the rent of the house, &c., is nothing more than the setting out of the consideration of the undertaking of Butler, to pay the

$200. It is similar to an obligation to pay the hire of a slave, where it is expressed in the instrument, that it is for the hire of a slave, for a certain period of time; or a note or bond, given for a horse or other chattel, wherein it is expressed that the obligor has purchased of the obligee a bay horse, seven years old, fifteen and half hands high, which the said obligee warrants to be sound; he the obligor, promises six months after date, to pay to the said obligee, the sum of fifty dollars, &c. We distinguish this case from the case of Curle vs. Pettus, 6 Mo. R., 497, which was a petition in debt, brought upon a bond covenanting to pay a stipulated sum for the hire of slaves "for one year, who are to be clothed, taxes paid, and returned" to the owner. The court held this to be an obligation, not only to pay a certain definite sum of money, but also a stipulation for clothing, paying the taxes and return of the slaves, and consequently, not a direct undertaking to pay money, within the meaning of our General Assembly. The decision is based upon one given by the Court of Appeals of Ky., reported in 4 Bibb, 252, where the instrument of writing sued upon, was very similar to the one then before this Court. But whether the action was brought to recover the value of the clothing, as well as the hire, is not stated. If the plaintiff sought to recover both, then clearly the decision was right; but if the action was to recover only the amount of the hire, and this was all that the plaintiff claimed, then we cannot see the propriety of turning him out of court. His action to recover only the hire, would be a waiver of his right to have damages of the defendant for his failure to clothe the the slave according to contract.

In the case now before us, Butler does not bind himself to do any other act than the payment of the $200, which his omission to do, would give Wooden a right of action against him. The clause giving the right to re-enter upon the premises, could not be made the foundation of an action, neither could the lien given upon the goods, for the payment of the rent, authorize Wooden to sue in covenant.

This being the character of the instrument offered in evidence, and the same having been assigned before the commencement of the action, its introduction as evidence, could not conduce to establish the plaintiff's right to recover. The legal effect of the assignment was to vest in Webb the right of property in the agreement, and under our statute the suit should have been brought in his name, and not in the name of Wooden for his use. Rev. Code 1835, p. 104; Jeffries vs. Oliver, 5 Mo. R., 433.

The judgment of the court below is affirmed.