## BASIL W. ALEXANDER vs. JNO. SCHREIBER & HENRY W. HESTERHAGEN.

A executed a deed, containing the words "grant, bargain and sell," to B, conveying to him a tract of land; B afterwards conveyed the land to C in trust; C sold the land as

trustee, and D became the purchaser. After his purchase, D discovered that at the date of the deed from A to B, there was a mortgage upon the land which still remained unsatisfied. D instituted a suit at law in the name of B, or to his use against A, for breach of the covenants in the deed from A to B, and obtained judgment for the purchase money. A now files his bill and seeks to enjoin the judgment upon two grounds: first, that at the time A executed the deed to B, the incumbrance was known to both, and that there was then a verbal agreement that A might at some convenient time remove the incumbrance and should not be liable upon the covenant in the deed; and second that B had never authorised D to use his name in the suit at law.

Held, that by the purchase of D under the trust sale, he acquired all the rights imparted in the deed from A to B, including the use of his name in the suit at law; and that the understanding between A and B, would not be binding upon D, unless brought home to him at or before the period of his purchase.

## APPEAL FROM ST. LOUIS COURT OF COMMON PLEAS.

### STATEMENT OF THE CASE.

One L'Esperance was the proprietor of land embraced in what is called L'Esperance's addition. He gave a deed of trust of the same to secure to Chouteau a debt for more than $10,000. Subsequently and previous to 1841, he conveyed several lots to Alexander, covered by the deed of trust. 20th August, 1841, Alexander conveyed to Schreiber, three of these lots, numbered 37, 38 & 39. His deed contained the words "grant, bargain and sell." On the 13th November 1841, Schreiber conveyed the same to one Hollzle as trustee to secure certain debts, and Hesterhagen became the purchaser of the same lots at the sale of the trustee. This last sale took place 4th May 1843. Soon after the sale to Schreiber, he discovered there was an imperfection in his title by reason of the trust deed to Chouteau, and made complaints about it to Alexander. Hesterhagen seems to have become aware of the same defect soon after he became the purchaser, and also made application to Alexander to have the title perfected. Nothing effectual was done by Alexander, and on the 26th day of October 1843, Hesterhagen commenced suit at law in the name of Schreiber, to his use, against Alexander, on the covenant of his deed. This suit was brought in St. Louis circuit court, and was defended by Alexander. Pending the suit, and on the 6th day of November 1844, Alexander obtained a release to himself of the trust deed to Chouteau. Subsequent to this, and on the 9th day of February 1845, the suit at law was tried and determined in favor of the plaintiffs, and damages assessed at $1036 00. The case was carried to the supreme court by appeal on the part of Alexander, and after elaborate argument the judgment was affirmed. (The report of the case is to be found 10 Mo. Rep. 460.)

After the affirmance of the judgment, and on the 3d August 1847, Hesterhagen executed and tendered to Alexander a deed conveying back the lots to him. He refused to accept it. About the same time Alexander applied to Schreiber and obtained a paper from him, professing to release the damages recovered, so far as he rightfully could release them. Alexander then commenced the present suit, by filing his bill on the 23d of November 1847. The bill states the case, and the history of the proceedings at law down to their termination as hereinbefore set forth. The bill moreover states that at the time when Alexander sold to Schreiber, he was aware that Chouteau had the deed of trust, and the parties agreed, that Alexander at a convenient time should procure a release of that deed and in that event should not be liable on his covenant. The bill furthermore states, that Alexander since the trial at law, had discovered that Schreiber had never authorised the proceedings at law, in his name, and the same were prosecuted without his consent.

The bill prayed for an injunction against the judgment at law. The injunction was granted. The answer of Schreiber was taken by consent, without oath. As Schreiber claims nothing under the judgment at law, no notice is taken of his answer. Hesterhagen by his answer

travenes the agreement between Alexander and Schreiber, and besides insists that if it made, it was void by the statute of frauds.　As to the assent of Schreiber to the proceedings at law, he pointedly denies the statements of the bill and asserts that the suit at law was brought with the express consent and approbation of Schreiber.　The other matters of the bill were not controverted by the answer.　The answer moreover states the tender of a deed to Alexander as hereinbefore set forth.　Replication was filed to the answer, and the cause set for hearing.　On the hearing no proof was made of the agreement between Alexander and Schreiber as to procuring the release of Chouteau as stated in the bill, and the weight of plaintiff's testimony went to show that Schreiber did not ever know of the deed to Chouteau, when he purchased of Alexander. Schreiber, the plaintiff's witness, and strongly in his interest, swears, "when I bought this land of Alexander, I did not know of the deed of trust to Chouteau.　We had no agreement, at all about it.　After the suit was brought, I knew of it.　Alexander told me, there was a suit about the title, but he said he would make it all right when Chouteau got back from New York."

Sarpy, another witness for plaintiff, says in a general way, that "every body knew that Chouteau had a deed of trust on the whole tract.　I don't know that any proclamation was made of the fact.　Don't know as Schreiber asked me or knew of the fact."

Lesperance, the third witness says, "Sarpy, Chouteau's agent, promised Schreiber that Chouteau would make the title good, when he got home from New York.　This conversation was at the sale, and on the ground."　Such was the evidence as to the agreement between Schreiber and Alexander, as stated in the bill.　On the other point, i. e. The institution and prosecution of the suit, in Schreiber's name, without authority from him, the only evidence relied on by the plaintiff, to overthrow the answer, was the testimony of Schreiber.　This witness says, "I heard there was a suit against Alexander for land.　I employed no one to bring any suit for me, never knew that there was one, till I was told of it."　He says, "I talked with Hoelzel about the suit; he spoke with me a hundred times about it.　Hesterhagen said the title was not good, he had brought a suit against Alexander he told me. I thought the land did'nt belong to me any how.　I supposed Hesterhagen had the whole control, after the sale, under the deed of trust.　So I did, and said, when he said he had brought suit.　I had no right, I thought. The paper states that the suit was brought without my knowledge.　I know nothing at all about that suit of Heisterhagen against Alexander.　I did know one was brought.　Heisterhagen said he should sue Alexander.　I said nothing.　I had nothing to do with it.　I didn't object because I thought I could'nt.　As to going to Primm and Taylor's office with Heisterhagen about his suit with Alexander, I believe I once did go, but I don't recollect what I did or said.　I don't like to say this suit was talked about."

On the other side, the defendant proved by three witnesses that the suit at law in Schreiber's name, for Heisterhagen's benefit, was brought with the full knowledge and consent of Schreiber.　The defendant also proved by Whettelsey, that a deed conveying back the lots to Alexander, was tendered before the commencement of the chancery suit.　It also appeared from Hoelzel's evidence, that after the affirmance of the judgment at law, in the supreme court, Heisterhagen made a deed of a house to Schreiber, the consideration of which was some balance that was supposed to belong to Schreiber in the equitable adjustment of the judgment against Alexander between them.　This fact was denied by Schreiber.　The deed for the house was produced, and it expressed a consideration of one hundred dollars.　Plaintiff objected to any testimony, proving any larger or other consideration, and took an exception.

On the whole evidence, the court below made a decree dismissing the bill.

GANTT, for appellant.

1. That the bill discloses an agreement between complainant and Schreiber, of such a nature, that the suit at law was in fraud of the rights of the parties to that agreement; and there-

fore the complainant is relievable in equity against the judgment at law. Hoffman's Ch. R. 412.

2. The proof at the hearing shows that Heisterhagen has no real right to the judgment nor any interest therein; and therefore, upon the answer of Schreiber, a decree should have been made in conformity with the bill and answer of Schriber, and the non-interest of Heisterhagen.

3. There is no equity in the proposal made by Heisterhagen to re-convey the land to Alexander, provided Alexander will pay the judgment and interest to him. In the first place, Heisterhagen has not the rightful control of the judgment, although under a pretended right thereto, he seeks to harrass and oppress Alexander: secondly, this proposal seeks to impose upon Alexander the interest (compounded) of the purchase money, while the rents and profits of the lot have been taken by Schreiber and Heisterhagen from 1841 to 1847.

4. Heisterhagen has practised a fraud in commencing a suit on a claim to which he has no title, and seeking to avail himself thereof, not only in contradistinction, but opposition to the claims of the owner of that claim, Schreiber. In order to disclose that fraud, there was a necessity for recurring to a court of equity. And equitable jurisdiction having attached for one purpose, will be retained for all purposes.

5. Admitting that the case might have been defended at law by showing non-disturbance, so as to have reduced the damages to a nominal form, yet in as much as the collection of the judgment is sought to be restrained on grounds entirely independent of this defence, the failure to interpose it at the trial at law is unessential to the present enquiry.

6. If Schreiber sought to enforce this judgment now against Alexander, instead of having released him from all liability thereon, he would have no right to offer a re-conveyance of the land, and claim in lieu thereof, the purchase money and interest; for he has all that he bargained to have, and has no claim to a rescission of the contract.

7. A judgment at law, for a breach of the covenant of seizin, does not rescind an executed contract; and the bill in this case is substantially a bill to compel Schreiber and Heisterhagen to rest satisfied with the full performance of every condition of the executed contract. The bill shows such performance; and prays that nothing further or different, be enacted from complainant. That this prayer should be granted. See Reese vs. Smith's adm'r. 12 Mo. Rep. 344.

8. It would be impossible to settle at law, definitely the conflicting claims of Schreiber and Heisterhagen to the judgment against Alexander.

TODD and KRUM, for appellant.

1. The judgment at law has been in fact satisfied by the agreement and release executed by Schreiber to Alexander, and it was the duty of Schreiber to recall his execution, and enter satisfaction of the judgment; but he not having done so, and as the execution was sought to be enforced, this bill is filed for the purpose of restraining the collection of the execution, and to compel satisfaction of the judgment. The appellant therefore contends, that courts of law and courts of equity, have concurrent jurisdiction in cases like this to compel satisfaction to be entered. It was the right of complainant to make his election into which tribunal he would go for relief. This court will not undertake to control or interfere with this right of the complainant.

2. Under the facts in this case, a court of equity is the more appropriate tribunal to afford the proper remedy, because in one aspect of the case, it may be deemed equitable to decree that the complainant shall pay nominal damages and costs. This course may be deemed equitable, in view of the rights of all the parties, who claim an interest in the judgment.

BASIL W. ALEXANDER vs. JNO. SCHREIBER & HENRY W. HESTERHAGEN.

FIELD, for appellee.

I, By reference to the complainant's bill it will be seen that the two equitable grounds on which he proceeds, are, 1st. that Schreiber had made a parol agreement with complainant at the time of the purchase of the lots, and the execution of complainants deed, by which the covenants in the complainant's deed were modified. 2nd. That the suit at law, sought to be enjoined, was commenced, and prosecuted without the consent of Schreiber, the nominal plaintiff. ·

It is sufficient to say that neither of these grounds has any support in the testimony. There was not even an attempt to prove the first; the second was abundantly disproved by the witnessess.

II. Apart from the grounds mentioned above, there was not a fact stated nor a ground of relief presented, which the court of law was not competent to give the plaintiff the benefit of. So far therefore, as these matters are concerned, the decisive objection is that a court of equity has no power to correct the errors of a court of law or to relieve the party from the consequences of his own negligence or unskilfulness in managing his defence at law. The case of Watson vs. Cathcart, 10 Mo. Rep. 100 is relied on.

. III. There is really no hardship in the complainant's case; for it appears that Heisterhagen has ever been ready to deliver, and has in fact, tendered a reconveyance of the land to complainant. He therefore, receives back his land on repayment of the price.

Judge BIRCH delivered the opinion of the court.

We are of opinion that under the purchase of Heisterhagen, he acceded to all the rights imported in the conveyance from Alexander to Schrieber, including the use of his name in the suit at law: and that if any private understanding between the latter had been ever proven, it would not have been binding upon the conscience of the former, unless brought home to him at or before the period of his purchase. What the rights imparted by that conveyance were, has been previously decided by this court, in a suit at law between the same parties, concerning the same transaction, (10 Mo. 460) and although the release by Chouteau might perhaps have been admissible enough in that suit, under proper pleadings, to have reduced the damages to a sum merely nominal, that consideration furnishes to our minds, but an additional reason why it cannot be available here.

It may not be amiss to add, that in the application (as above) of the general principles by which this case must be governed, any suggestion of seeming hardship or inequality between the parties is, to our minds sufficiently answered and repelled by the prompt and continuous offer of Heisterhagen, to reconvey the land to Alexander, upon payment of the judgment at law.

Upon the whole case, therefore, we think the circuit court committed no wrong in dismissing the bill; and its decree is accordingly affirmed.