## MARY ROBERTSON v. JOHN CRANE.

As a general rule, if an agent make a demand of property of another for a third person, the authority of such agent to make the demand must be proven, otherwise the refusal to give up the property will not be evidence of a conversion.

The conduct of the party refusing to deliver up the property demanded, may be a recognition of the authority of the agent and the sufficiency of the demand.

If the party claim to detain the property on the ground of ownership in himself, or by arbitrary and unjustifiable means, or under a frivolous and fraudulent pretext, without questioning the right of the agent making the demand, it is a waiver of all objection to the validity of the demand, and evidence of a conversion, unless the ground on which his refusal is placed, is a sufficient justification.

Where upon a demand made, the defendant said he would retain the goods, and that he knew a suit would be brought against him, this is evidence of a conversion sufficient to maintain an action:—*Held*, that the defendant's refusal, in this case, to give up the articles demanded except at the end of the law, was a waiver of all objection to the authority of the agent to make the demand.

IN error from the circuit court of Lauderdale county; Hon. John Watts, judge.

The opinion of the court contains the facts of the case.

*R. McElroy* for appellant.

A demand by an agent and a refusal to deliver by the defendant is evidence of a conversion, unless the refusal is for a defect in the authority of the agent, but where there is no request to see the authority of the agent and the refusal is on another ground, and not for the want of authority in the agent, the demand is legal and good; and a refusal in such case is an evidence of conversion. 3 U. S. Dig. 588, § 175, 176; *West* v. *Tupper*, 1 Bailey; *Watt* v. *Potter*, 2 Monroe, 77.

An agency may exist under an implied, as well as under an express authority. 6 How. 217.

Trover will lie by an infant before becoming of age, without any demand made of the person in possession. 9 Cow. 626.

Upon the authority of the infant to bring this suit, see 8 Pick. 552; Minot's Dig. 389; 3 Pick. 203, 209; Minot's Dig. 389, § 7; 2 Selw. Prac. 64, 65; 5 Port. 388.

*D. C. Glen*, for appellee,

Contended that there was no evidence to justify the plaintiff in error in recovering.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of trover brought by the plaintiff, a minor, by her next friend, to recover the value of certain articles of wearing apparel belonging to her, and converted by the defendant to his use. Pleas, not guilty, and property not in the plaintiff.

On the trial below, the plaintiff offered evidence to the following effect: that the witness went with Cains, the next friend of the plaintiff, to the defendant's house, and Cains demanded of the defendant the articles, which he then admitted were in his possession; that defendant did not ask for Cains' authority, and did not refuse to give up the articles for want of authority in Cains to make the demand; that the defendant stated that the plaintiff had left his house without his knowledge or consent, and that he refused to permit her to return, and that he would only give up her clothing at the end of the law; that she had been living with her for several years, and that he believed

she had been persuaded off by her relatives; that she was then a minor, and living at Cains' house.

This being all the evidence, the defendant demurred to it, and the court decided that it was not sufficient in law to maintain the action. Judgment was accordingly rendered for the defendant, and the case is thereupon brought here by writ of error.

The admissions of the defendant sufficiently show that the articles sued for were the property of the plaintiff and in the possession of the defendant, and the only ground, then, relied upon to sustain the judgment is, that no legal demand of the goods was shown, there being no evidence that Cains was the agent of the plaintiff, or purported to act for her.

The general rule certainly is, that if the demand is made by an agent, the plaintiff must prove his authority to make it; and otherwise that the refusal will not be evidence of a conversion. 2 Greenl. Ev. § 644. But the conduct of the defendant may be a recognition of the authority of the agent and the sufficiency of the demand. It is said by Judge Story, "if the refusal do not turn upon the supposed want of authority, if the party waives any inquiry into the authority, or admits its sufficiency, and puts his refusal upon another distinct ground, which cannot in point of law be supported, the refusal under such circumstances is presumptive evidence of a refusal." *Watt* v. *Potter*, 2 Mason, 31. If he claims to detain the property on the ground of ownership in himself, or by arbitrary and unjustifiable means, or under a frivolous or fraudulent pretext, without question of the right of the agent making the demand, it is a waiver of all objection to the validity of the demand, and evidence of a conversion, unless the ground on which his refusal is placed is a sufficient justification for the refusal. Thus, if upon demand made, the defendant said he would retain the goods and that he knew a suit would be brought against him, this is evidence of a conversion, sufficient to maintain the action. *Allen* v. *Ogden*, 1 Wash. C. C. R. 174; *Ratcliff* v. *Vance*, 2 C. C. R. 241.

This principle is decisive of the present question. The defendant made no objection to the authority of the agent to

make the demand.   It appears that the plaintiff was living at the agent's house when the demand was made, and that the defendant was aware of that fact.   In reply to the demand, he merely complained of her having quit his house, but refused to give up the articles demanded except at the end¹ of the law. This conduct was a clear waiver of all objection to the authority of the agent, and placed the defendant on the ground of an arbitrary refusal to deliver the property, which in law amounts to a conversion.

The judgment of the circuit court is, therefore, reversed; and this court, proceeding to render the judgment on the demurrer which should have been rendered by that court, directs that judgment be entered here for the plaintiff for the value of the articles mentioned in the declaration, and that a writ of inquiry be awarded in the circuit court of Lauderdale county, to assess the damages to the plaintiff by reason of the trover and conversion complained of; and for the purpose of having said writ of inquiry executed, the case is remanded.