## Eli Taylor *v.* M. C. Reese, Ex'r.

1. Negotiable note—Assignment—Equitable interest—Remedy.—It has been long held that an assignment of a negotiable note by delivery, passes the equitable title, and makes the holder the beneficial owner; and courts of law will permit a suit in the name of the payee for the use of the beneficial, equitable holder, and, in the conduct of the suit, will regard the usee as the real plaintiff. These are cases holding a different doctrine, but because the law tribunals have devised an indirect remedy, it does not oust the original jurisdiction of chancery. It is well settled, that if there be no one *in esse* holding the legal title, suit in equity may be brought. 1 Peters, 376; 12 S. & M., 519.

2 Concurrent jurisdiction.—If a party goes into a chancery court to seek redress, founded on a purely equitable title, or growing out of equitable interests, he is in the proper court, with full, original jurisdiction; and because the legal tribunal will give him a remedy through the instrumentality of the holder of the legal title, is no sufficient reason for turning him out.

Error to the Chancery Court of Yalobusha county.   Scott, J.

The plaintiff in error assigns the following errors:

The allegation in the bill, that there was no administration on the estate of the payee in the note on which the bill was filed, being distinctly denied in the answer, and there being no proof of the fact, the court erred in not dismissing the bill at the hearing.

*Walthall & Golladay,* for plaintiff in error.

The complainant having no lien on the land, as a deed was made and the note assigned by the original vendor, he has no remedy in equity, except on the ground that the payee is dead, that there is no administration on his estate, and that the note was not endorsed.

· The court of equity has jurisdiction, because no suit at law can be instituted for want of a nominal plaintiff; and but for the allegation in the bill that there is no administration on the estate of the payee of the note, the bill would have been fatally defective. This allegation is flatly denied in the answer, and the answer is not overthrown by the proof; in fact, no proof whatever is offered on the subject. The fact that it is a negative allegation, does not relieve complainant of the necessity of proving it when desired, for his right to come into a court of equity is grounded on it, and this negative is an essential element in his case. See 1 Greenleaf on Ev., § 78; 2 Daniels' Ch. Prac., § 989—note.

*D. E. Thomas,* for defendant in error.

The only question presented in the record is, did the chancery court have jurisdiction to render the decree for the money due on the note. We insist, first, that there is no evidence in the record to show that Samuel Brown had been duly and legally appointed by the probate court of Calhoun county administrator of the estate of said A. R. Buford. This was affirmative matter set up by the answer, not proven, and the court could not legally presume it to be true. Second, we insist that if the proof had shown that Samuel Brown was the administrator of A. R. Buford, still the chancery court had jurisdiction to render the decree. The complainant, as the executor of J. M. Reese, has only an equitable interest in the note, which (after the death of the payee of the note) could only be enforced in a court of equity. Bacon v. Cohea, 12 S. & M., 516.

The administrator only is vested with the legal title to the notes or other property, when the same are assets to be administered. Whenever there is no trust to be executed by an administrator in regard to a particular subject, he is not invested with the legal title. Cocke et al. v. Rucks, 34 Miss., 166, 167.

The administrator of A. R. Buford, or the heirs of said uford, had no interest whatever in the note sued on, but

the same belonged to the estate of J. M. Reese, of whom complainant was executor. The equitable interest in said note being in the representative of J. M. Reese, deceased, and the legal title in a sort of abeyance. There is no remedy on the note, save in a court of chancery.

Simrall, J. :

M. C. Reese, executor of the will of James M. Reese, deceased, filed his bill in the chancery court of Yalobusha county against Eli Taylor, alleging that on the 21st of January, 1867, one A. R. Buford sold and conveyed to said Eli Taylor a tract of land, and that contemporaneously with the execution of the deed, Taylor made and delivered to Buford his promissory note for $550, due and payable on the 1st of January, 1862; the note expresses on its face that it was given for the land; that Taylor went into possession and has ever since been in the quiet possession; that afterwards said Buford sold and delivered the note to the testator, James M. Reese, without endorsement, so as to transfer the legal title. After this transfer said Buford departed this life intestate, and that, as complainant " is advised and believes, no letters of administration have been taken out on his estate; that James M. Reese, at the time of his death, was the owner and holder of the note.

The prayer is that the land be sold for payment of the debt; but if there be no lien on the land then that a personal decree may be rendered on which execution may issue.

The defendants demurred on two grounds:

1st. That on the facts alleged there is no lien on the land.

2d. The remedy is adequate at law.

The chancellor sustained the demurrer as to the first cause, but overruled it as to the second.

The answer admits all the allegations of the bill in reference to the sale of the land, the execution of the deed and note, pleads offset in part; denies that there is no administrator on Buford's estate; states that on the 23d of January, 1866, letters of administration on his estate were granted by

the probate court of Calhoun county to one Samuel Brown, who duly qualified; that the legal title to the note is in this administrator, and a plain remedy at law by suit in his name, for the use of complainant, and insists on this fact in bar of the suit. It was referred to a commissioner to report what was due the complainant. The offsets claimed were allowed, and a final decree made for the complainant for the balance to be enforced by execution.

The only question for consideration is, has the complainant a right to resort to a court of equity. The general principle of the common law was that a chose in action was not assignable. As the commercial interest grew in influence and importance the courts recognized the custom of merchants to transfer by endorsement inland bills of exchange. Promissory notes were also a convenient instrumentality of business among the trading classes, and were growing into use, and assignable like inland bills of exchange. But the courts were not so readily inclined to admit this second innovation on the ancient principle; therefore, the statute of 3d and 4th Anne, after a long preamble reciting the doubts as to their negotiability and the importance of their having this quality, declared that "they should be assignable or endorsable in the same manner as inland bills of exchange are, or may be according to the custom of merchants." The statute prescribes the mode of transfer in order to invest the assignee with the same rights of suit as the endorsee of an inland bill of exchange, to-wit: in the same manner as inland bills of exchange. The mode of endorsing a bill of exchange is by writing the name of the payee upon the back or face, or if there is not room enough, on a separate piece of paper attached to it. Story on Notes, 121. In no other mode, according to the custom of merchants, which is the law of the subject, can a transfer or assignment be made, so as to confer the legal title to the paper. It has long been held that the assignment of a negotiable note by delivery passes the quitable title, and makes the holder the beneficial owner. And courts of law, which take no cognizance of equitable

interests, have so far relaxed the rigidity of the rules as to permit a suit in the name of the payee, for the use of the beneficial equitable holder, and in the conduct of the suit regard the usee as the real plaintiff. Cases may be found, as Carter v. United States, 3 Cranch; 1 Johns. Ch. Rep., 463; Dregetaft v. Loan Assurance Co., Mosley R., 83, going on the idea that the remedy at law is full and adequate, which have refused to entertain the bill of the equitable holder of negotiable paper; but because the law tribunals have derived an indirect remedy it should not oust the original jurisdiction of the chancery. It seems quite well settled that if there be no person in being holding the legal title, suit in equity might be brought. As in the case of Lennox v. Roberts, 1 Peters Rep., 376, where the Bank of the United States had made a general assignment of all its effects, and its charter had expired, so that no action at law could be maintained by the bank; and the case of Bacon v. Cohea, 12 S. & M., 519, where the like state of facts existed. In Hammond v. Messinger, 9 Simmons Rep., 327, the vice-chancellor would not entertain the bill unless special circumstances were shown, as, that the payee would not allow the use of his name at law, or interposed obstances to embarrass an action at law.

We think, on principle, that if a party goes into the chancery court to seek redress founded on a purely equitable title, or growing out of equitable interests, that he is in the proper court, with full original jurisdiction in such class of cases, and that no sufficient reason exists for turning him out, because the legal tribunal will give him a remedy through the instrumentality of the holder of the legal title. The bill in this case avers that there is no administrator of Buford's estate. The answer, however, denies the allegation, and discloses who the administrator is. Conceding that there was an administrator, the complainant had a right to his bill in chancery on his title to the note as an equitable assignee.

These views are fully supported by the case of Birdsong & Chappell v. Cruther, surv., etc. Wherefore we affirm the judgment.