OCT. TERM
1835.

Whaley & Black-
well
v.
M. & W. Cape.

WHALEY & BLACKWELL v. M. & W. CAPE.

1. Action by plffs., on joint note of defds., given to them as admrs. of A.—defds. pleaded in offset, their portions of the estate of A., which plffs. as such admrs., had been ordered by the county ct. to pay each of them as distributees of the said estate. Held, (Judge Tompkins dissenting,) to be a good plea.

2. Per Judge Tompkins, dissenting.—The *separate* demands of each defd., could not be united and pleaded as an offset to their *joint* note —nor were the admr's liable for their portions, in this cross action, until demand and refusal.

ON appeal from the Washington circuit court.

Opinion of the court delivered by WASH, J.

Action by plff. on joint note of defts. given to them as admrs. of A. defts. pleaded in offset, their portions of the estate of A., which plffs. as such admrs. had been ordered by the county court, to pay each of them as distributees of the said estate. Held, Judge Tompkins dissenting, to be a good plea.

This was an action commenced in the circuit court by petition and summons by the appellants against the appellees on a single bill obligatory. The defendants in the circuit court pleaded payment and set-off. The plaintiffs in the circuit court joined issue on the plea of payment and demurred to the plea of set-off. The demurrer was overruled and the issues were found by the court, sitting as a jury for the appellees, and on the plea of set-off, a judgment was given for the defendants against the plaintiffs in the circuit court; to reverse which, the plaintiffs below have come by appeal into this court. The plaintiffs were administrators of one William Whaley deceased, and the promissory note sued on was given to them in that character. Styling them administrators &c., the defendants were distributees of the estate of William Whaley deceased.—At the February term of the county court of Washington county 1835, Whaley and Blackwell, the administrators of William Whaley deceased, settled up their administration and were ordered by the court to make distribution of the balance remaining in their hands to the heirs and distributees of said William Whaley dec'd.—the appellees were two of the heirs and distributees, and the sum set-off against the appellants, was the amount of their joint portions of the sum ordered to be distributed by the county court as aforesaid.—The plaintiffs on the 5th of May 1835, commenced their action against the appellees. The question submitted for consideration is, whether the demurrer to this plea of set-off was rightly overruled or not. Our statute regulating set-off, provides "that if two or more persons be mutually indebted to each other, by judgments, bills, bonds, bargains, promises, accounts or the like, and one of them commences an action in any court, one debt may be set off against the other, notwithstanding such debts

may be deemed in law of a different nature &c." The sum to which the appellees were entitled under the order of distribution by the county court, might have been collected from the appellants, after the Feb. term of the county court 1835, on execution, or the payment enforced by attachment. It was then a debt due by judgment, or by an order or decree so very like a judgment that the statute would reg ird it in the same light. It has been objected that the distributive share to which each of the appellees was entitled under the order of the county court, was the separate debt due from the appellants to each individually, and could not be jointly set off, against the joint debt sued for by the plaintiff. The counsel for the appellants has not sustained himself in this position. It has been held that a set off may be well pleaded, whenever the plaintiff is individually liable for the debt set off. —2 Esp. ca, 594—3 Stark. Ev. 1316. And it is clear from the 61st and 64th sections of the administration law—Rev. Code p. 117 and 119, that the appellants after the order of distribution of the county court, were personly responsible to the distributees out of their own proper goods, upon their failure to pay over the sums respectively due.

Several authorities have been cited by the counsel for the appellees, which maintain that in an action on a joint note, the individual debts due to either of the defendants may be set off.—2 Tyler's Rep. 391.—1 Marsh.'s Rep. 20—12 Serg. & R. 252. We cannot see that any injury is likely to arise from this doctrine, but on the contrary, that justice and convenience may be often promoted and circuity of action prevented thereby. It has been also objected by the counsel for the appellants, that there is no mutuality in the indebtedness of the parties; we think differently. The statute does not intend that the parties must be in like condition to coerce the payment of their respective debts, but simply, that the indebtedness shall be such as to entitle the person wishing to set it off, to his action at law. Upon the whole matter, therefore, the judgment of the circuit court is affirmed with costs.

Tompkins Judge dissenting

I do not concur in this opinion;—the law requires that the parties shall be mutually indebted. The plaintiffs in this action sued on a bond made to them jointly by the defendants. The defendants set off a sum of money, made up of two demands, one of which, each of the defendants has in his own several right against the administrators. But this is by no means the most serious objec-

Per Judge Tomp-
kins dissenting.
The separate de-
mands of each
deft. could not be
united and plea-
ded as an offset to
their joint vote,
nor were the

OCT. TERM
1835.

admrs. liable for
their portions in
this cross action,
until demand
and refusal.

tion to the claim of the defendants. The plaintiffs hold the money due to the defendants as trustees, and the defendants have no right of action against them, till a demand is made, and a refusal, or what is equivalent takes place. It is said that a plea of set off is in the nature of a cross action. It is strictly speaking a cross action, for the defendants, if the demand set off exceed the demand of the plaintiffs, recover the excess and costs. The defendants, if they had each brought his action against the plaintiffs without proving a demand first made, would have been forced to take nonsuits; but being allowed to set off their several demands against the joint demand of the plaintiffs they force the plaintiffs to pay costs. This is a hardship, because after the order of distribution made by the county court, the administrator failing to pay over on demand, in obedience to such order, is liable to be proceeded against by attachment, as for a contempt, see act of 1825 concerning executors and administrators, p. 123, section 76;—whereas they could recover their demand against the defendant by the ordinary course of law only. For these reasons, I am of opinion that the defendants ought not to have been allowed to plead their several demands as a set off to the joint demand of the plaintiffs, and that the circuit court committed error in allowing the plea.