MATTHIAS WEISS, Respondent, v. PETER WAHL ET AL.; Appellants.

### March 19, 1878.

A firm indebtedness may be set off against a claim by an individual member of the firm. When the statute speaks of the mutuality of the demands to be set off, it means merely that the indebtedness must be such as to entitle plaintiff to an action against defendant, and defendant to an action against plaintiff.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

GOTTSCHALK, for appellants, cited: Wag. Stat. 1273; *Johnson* v. *Jones*, 16 Mo. 494; *Mahan* v. *Ross*, 18 Mo. 121; *Pratt* v. *Menkens*, 18 Mo. 158; *Brake* v. *Corning*, 19 Mo. 125; *Crowden* v. *Elliott*, 2 Mo. 51; *Mead* v. *Scott*, 4 Vt. 26; *Owen* v. *Wilkinson*, 44 C. B. 526.

McGAFFY & STEBER, for respondent, cited: *Finney* v. *Turner*, 10 Mo. 207.

BAKEWELL, J., delivered the opinion of the court.

Weiss sued Wahl and Leisse for a balance of $190 due on open account. At the same time, Weiss, together with his partner, Obert, owed defendants $152 for goods sold and delivered by defendants to them, which they pleaded as a set-off to plaintiff's demand. It is claimed by plaintiff that this could not be done. The trial court held that the indebtedness of Weiss and Obert to Wahl and Leisse could not be set off against the demand of Weiss, and rendered

judgment for plaintiff for the amount claimed; and defendants appeal.

The question is, whether a firm indebtedness can be set off against a claim by an individual member of the firm. It is quite well settled that, in an action against a member of a firm for his individual debt, he cannot set off a demand due to the firm. *Lamb* v. *Brolaski*, 38 Mo. 51. But there is an obvious reason for this rule. Were it otherwise, a firm might be made to pay all the private debts of one partner, to the injury of the other partners and of the creditors of the copartnership. But we can see no reason whatever why, when a member of a firm which is indebted to B., sues B., B. should not be allowed to offset against the claim the debt of the partnership to him. It is a debt of the plaintiff to defendant; he owes the whole of it, and may be sued separately, and made to pay the whole of it; and how can the right of set-off be affected by the fact that another man is also liable with him for the same debt? In England, in *Owen* v. *Wilkinson*, 44 C. B. 526, it was decided that a joint and several promissory note of A. and three others may be set off against the claim of A., in an action against the payee on a money demand; and it was admitted, on the argument, that there is no authority the other way. And in this State it was early held, in an action of debt on a bond, where the surviving partner, his copartner and coöbligee being dead, sued the obligor, the obligor might set off a demand which he had against the plaintiff and another man as copartners. *Crowden* v. *Elliott*, 2 Mo. 60. Judge Tompkins dissented; but not on the ground that the claim which was set off was against plaintiff and another man, but because plaintiff's claim was as surviving partner, and the individual indebtedness of one partner should not be set off against a partnership debt.

It is held, in short, that a set-off may be well pleaded whenever the plaintiff is individually liable for the debt set off, and the claims are such as may be the subject of set-off.

In the case of two plaintiffs, where one is liable for the set-off and the other not, a different case is presented, and the rule, of course, does not apply.

In *Whaley* v. *Cape*, 4 Mo. 233, it was held that the separate demands of each defendant might be unitedly pleaded as an offset to their joint note.  And in *Austin* v. *Feland*, 8 Mo. 312, where several defendants were sued jointly, it was held that two of them might plead as an off-set a matter not between the plaintiff and all the defendants.  And this was affirmed in *Kent* v. *Rogers*, 24 Mo. 307, where an indebtedness of Kent to Dillon was set off against his claim against Dillon and Rogers.  So that it is quite clear that when the statute speaks of the mutuality of the demands to be set off, it does not mean that a several obligation cannot be set off merely because it is also joint. If A. and B. are indebted to C. on a joint and several obliga-tion, and C. owes A. on account, and B. on another account, now A. and C. are mutually indebted, and B. and C. are mutually indebted.  Now, if A. and B. sue C., the indebted-ness of A. to C. cannot be set off in this action, not because of want of mutuality, but because an indebtedness to the part-nership is not to be extinguished by a credit given to one member of the firm, as this would be unjust to copartners and creditors; but if C. sue A. and B., an indebtedness of C. to A. individually, if any such exists, may be set off, because there is mutuality; and one of the two partners may, if he choose, pay the whole debt, or take his own claim and use it to defeat the action.  The statute, in speak-ing of mutuality, means merely that the indebtedness must be such as to entitle plaintiff to an action against defendant, and defendant to an action against the plaintiff.

The judgment of the Circuit Court is reversed and the cause remanded.  All the judges concur.