McCuin v. Frazier.

J. P. McCuin, Appellant, v. O. G. Frazier, Respondent.

Kansas City Court of Appeals, December 2, 1889.

1. **Set-Off: WHAT MAY BE.** Under the statute of set-off, the cross-demands do not have to grow out of the contract or cause of action upon which plaintiff sues, but may be of a different nature, and the statute merely means that the indebtedness must be such as to entitle plaintiff to an action against defendant and defendant to an action against plaintiff.

2. ———: TORT : CONTRACT. Where defendant could have main-tained an action in tort, but waives the tort, and presents his set-off as a demand on contract, in a form which cannot be construed as a claim for unliquidated damages, he is authorized to give evidence thereunder to sustain his cross-demand.

*Appeal from the Cass Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Affirmed.

*W. D. Summers* and *James T. Burney*, for the appellant.

(1). The last item of defendant's counter-claim being for damages in trespass, not growing out of, or connected with, the subject of plaintiff's action, was not properly allowed by the court. R. S. 1879, sec. 3522; *People v. Dennison*, 84 N. Y. 272; *Barnes v. McMullin*, 78 Mo. 260. (a) Though this last item of counter-claim is set up in the form of an account and pleaded in *assumpsit*, its true character cannot be escaped. It sounds in tort, and does not grow out of a contract. *Chandler v. Childs*, 42 Mich. 128: *Carey v. Guillow*, 105 Mass. 18; *Emery v. Railroad*, 77 Mo. 348. (2) Even if section 3522 of the practice act could be construed to allow as counter-claim the last item of defendant's answer it was not proper in this case, which arose in a justice's court. Section 3522, relating to counter-claims in the circuit court, does not authorize a counter-claim in a

justice's court. R. S. 1879, sec. 2916; *Flesh v. Christopher*, 11 Mo. App. 483; *Emery v. Railroad*, 77 Mo. 349. (3) The last item of counter-claim was not set-off nor recoupment; it was intended to be, and was designated as, a counter-claim. (*a*) Set-off must arise on contract. R. S. 1879, 3867; *Johnson v. Johnson*, 16 Mo. 494; *State ex rel. v. Eldridge*, 65 Mo. 584. (*b*) Recoupment must be for matters arising out of the demand sued on, which go to reduce the amount claimed by plaintiff. *Emery v. Railroad, supra; Gordon v. Bruner*, 49 Mo. 570.

*Noah M. Given*, for the appellee.

(1) The trial court properly refused appellant's instruction. *Glass v. Gelvin*, 80 Mo. 297; *Henry v. Hinds*, 18 Mo. App. 497; *Storms v. White*, 23 Mo. App. 31; *Larrimore .v. Legg*, 23 Mo. App. 645; *Melvin v. Railroad*, 89 Mo. 594. (2) The instructions given by the court declared the law of the case. *Porter v. Harrison*, 52 Mo. 524; *Hoffman v. Parry*, 23 Mo. App. 20; *Swan v. Lullman*, 12 Mo. App. 583; *Roos v. Clark*, 14 Mo. App. 594. (3) The court committed no error in admitting testimony. R. S. 3522; *Weiss v. Wahl*, 5 Mo. App. 408; *Kansas City v. Ridenour*, 84 Mo. 253; *Richie v. Hayward*, 71 Mo. 561; *McAdow v. Ross*, 53 Mo. 199; *Barnes v. McMullin*, 78 Mo. 274; *Finlay v. Bryson*, 84 Mo. 670; *Ashby v. Shaw*, 82 Mo. 76; Pomeroy on Remedies, sec. 568; *Smith v. Spengler*, 83 Mo. 408. (4) The motion for a new trial was properly overruled. *Fender v. De Wald*, 14 Mo. App. 60; *Pearsons v. Railroad*, 14 Mo. App. 580; *Schield v. Waldron*, 13 Mo. App. 597; *Condy v. Railroad*, 13 Mo. App. 588; *Bank v. Hammerslough*, 72 Mo. 74; *Culbertson v. Hill*, 87 Mo. 553.

Smith, P. J.—This suit originated before a justice of the peace, and was based upon an account for $32.50, for work and labor, and the hire of three mules.

The defendant filed the following set-off:

"To pasturing forty-three head of cattle of plaintiff's during the season of 1887, as per contract therefor, at fifty cents per head. . . $21 50

"To pasturing thirty-two head of cattle and thirty head of horses and mules of plain- tiff's from April 1, to June 15, 1887, at fifty cents per head per month. . . . . . . . . . . . . 77 50

"Total amount due defendant. . . . . . $101 00"

The defendant recovered judgment for $2.75, from which plaintiff appealed.

At the trial the plaintiff objected to the introduc- tion of any testimony under the last item in the defend- ant's account, upon the ground that it was not a proper set-off in the case, not being for damages growing out of the contract or subject of plaintiff's cause of action.

The defendant, while on the witness stand, was asked how many head of horses, mules and cattle of the plaintiff did he see in a certain pasture which defend- ant was in possession of under one Hall, to which the plaintiff objected on the ground that the defendant could not recover for more cattle than plaintiff had contracted with the defendant to graze in his pasture. The objec- tion of the plaintiff to both of these questions was over- ruled by the court, and to which ruling plaintiff saved his exceptions.

The statute, section 3867, Revised Statutes, which provides that "if any two or more persons are mutually indebted in *any* manner whatsoever, and one of them commence an action against the other, one debt may be set-off against the other although such debts are of dif- ferent nature," furnishes a sufficient answer to the plaintiff's first objection. This statute, as interpreted in *Weiss v. Wahl*, 5 Mo. App. 408, means merely that

the indebtedness must be such as to entitle plaintiff to an action against defendant, and defendant to an action against plaintiff. The very terms of the statute, just quoted, clearly show that debts of "different nature" can be set-off, the one against the other.

The cross-demands do not have to grow out of the contract or cause of action upon which the plaintiff sues, but they may be of "different nature."

As to the second ground of the plaintiff's objection to the question propounded by defendant to the witness, it may be remarked that even if the plaintiff did turn into defendant's pasture more stock than he was authorized to under his agreement with the defendant, for such stock as were grazed, in excess of the number mentioned in the agreement, the plaintiff was undoubtedly liable for whatever it was reasonably worth to graze the same, and that defendant could recover therefor in an action of *indebitatus assumpsit*, or which is the same thing on an implied contract. The doctrine is a familiar one in this state, that a party may waive the tort and sue in *assumpsit*. *Finlay v. Bryson*, 84 Mo. 670.

The defendant could have recovered in trespass for such excessive pasturage, but he had the right to waive the trespass, and sue on an implied contract. The defendant made no claim for unliquidated damages. His counter-statement was in the nature of a demand arising on contract, and was the subject of set-off. The defendant's statement shows very conclusively that he did not make claim for unliquidated damages.

No such construction of it is justified by its form or substance. Under the comprehensive provisions of the statute in relation to set-off, it was sufficient to authorize defendant to give evidence thereunder to sustain his cross-demand.

But since it is apparent that the jury did not allow the second item of the defendant's account, it is immaterial what was its nature since it worked no harm to the plaintiff.

There are other objections to the admission of testimony considered in the plaintiff's brief, but if such objections were made at the trial, the same are not preserved in the bill of exceptions, and hence we cannot notice them. *Margrave v. Ausmuss*, 51 Mo. 561; *Sexton v. Allen*, 49 Mo. 417.

It follows, therefore, from these observations that the judgment of the circuit court must be affirmed. All concur.