AUGUSTA S. FROWEIN, Plaintiff in Error, v. CALVIRD & LEWIS, Assignees, Etc., Defendants; J. L. WOOLFOLK, Defendant in Error.

### Kansas City Court of Appeals, May 16, 1898.

1. **Set-off**: COMMON LAW: STATUTE. Set-off is unknown at common law and is the creature of statute only. English and Missouri statutes compared.

2. ——: INTERMEDIATE ASSIGNEES: CONSIDERATION. The right to set-off does not include demands subsisting against intermediate assignees through whose hands the demand may have passed unless there is an agreement to that effect, on consideration.

3. ——: ——: DEMAND: NOT DUE: MUTUALITY. Defendant can not off-set against plaintiff demands in his favor against plaintiff's intermediate assignees who held the claim before due, as there is a want of mutuality.

*Error to the Henry Circuit Court.*—HON. J. H. LAY, Judge.

REVERSED AND REMANDED (*with directions*).

PAXTON & ROSE for appellant.

(1)   A. P. Frowein & Brother could not buy up an allowed claim against the insolvent bank and set it off against their own indebtedness.   Stifel v. Hospes, 8 Mo. App. 566; R. S. 1889, secs. 7301, 8162. (2)   When the Denton certificate was assigned from A. P. Frowein & Brother to Mrs. Frowein, she took it subject to the equities and set-offs which had attached to it at the time of the assignment to her, but not subject to any set-offs which might afterward arise. Skinker v. Smith, 48 Mo. App. 91–96. (3)   The dividend was not due at the time of transfer from A. P.

Frowein & Brother, and hence could not be set-off against them or their assignee. Iller v. Rieger, 69 Mo. App. 64; Scogin v. Hudspeth, 3 Mo. 123. (4) The dividend was unliquidated, had not been declared, and was not fixed in amount at time of transfer from A. P. Frowein & Brother and hence could not be a set-off. Walker v. Lewandovska, 15 Mo. App. 581. (5) The dividend, not being yet declared, A. P. Frowein & Brother had no right of action against the assignees of the bank, and hence there was no right of set-off; it takes two rights of action existing at the same time to make a set-off. Weiss v. Wahl, 5 Mo. App. 408; McCuin v. Frazier, 38 Mo. App. 63.

I. C. DUCKWORTH for respondent.

A. P. Frowein & Brother having bought the Denton claim, and being insolvent and largely indebted to the Henry County Bank—all of which was known to plaintiff in error, it became the duty of the assignees of the Henry County Bank to take up the Denton certificate of allowance when presented by Mrs. Frowein and apply all dividends—past and future—on said claim to the payment of the indebtedness of A. P. Frowein & Brother to said bank. Until Mrs. Frowein should give notice to Calvird & Lewis, assignees, that she had taken an assignment of the Denton claim, her title to it was not valid as against said assignees, and the dividends thereon should be applied on the A. P. Frowein & Brother indebtedness. R. S. 1889, sec. 8161; Rice v. McFarland, 34 Mo. App. 404; Bartlett v. Eddy, 49 Mo. App. 32; Skinker v. Smith, 48 Mo. App. 91.

SMITH, P. J.—The admissions of the pleadings in the case are as follows, to wit: 1. That the Denton Brothers had a claim for a call deposit amounting to

FACTS.
$215.89 against the insolvent Henry County Bank, of which Calvird & Lewis, the defendants, were the assignees. 2. This claim was assigned to Sarah L. Denton and by the defendants allowed in her name for that amount and a certificate issued to her therefor. 3. That said certificate was for value by her assigned to the Frowein Brothers and was by them assigned for value to plaintiff. 4. That since the last named assignment the said assignees have declared a dividend of ten per cent on the hundred dollars, and that the plaintiff has demanded the same, which demand has been refused; that the Frowein Brothers, at the time of the assignment of said certificate to them, as well as at the time of the assignment thereof by them to the plaintiff, were indebted to said Henry County Bank, and consequently to said assignees, in an amount greatly in excess of that of the said certificate.

The court below refused to make an order requiring the said defendants to pay over to plaintiff the said dividend and dismissed her petition. The question thus presented is whether or not the court gave the proper judgment on the pleadings.

It will be seen that the defendants have no claim of set-off against the Denton Brothers, the creditor, or against Mrs. Denton, their assignee in whose favor the certificate of allowance was issued. But the right of set-off is asserted against the plaintiff on the ground that the Frowein Brothers, the intermediate assignees, were, whilst such certificate was in their hands, indebted to the defendants in an amount in excess of that of the certificate. The remedy of set-off was unknown to the common law. It is the creature of statute. By the 2d George II, chapter 27, section 13, it was for the first time enacted that where there was mutual debts

SET-OFF: common law: statute.

between the plaintiff and defendant one debt might be set-off against the other. And afterward there was a difference of opinion between the King's Bench and the Common Bench as to the setting off of debts of different natures which gave rise to the statute of 8 George II, chapter 24. By the sixth section of this latter statute mutual debts were authorized to be set off against each other, notwithstanding such debts were deemed in law to be of different natures.

Section 8160 of our statute in relation to set-off is in substance the same as that of the English statute just referred to. It has been held by the English courts that the latter statute applies only when the debts between the plaintiff and defendant were mutual legal debts. Isberg v. Bowden, 22 Eng. L. & Eq. R. 551. Our statute says, "that where *two or more persons are mutually indebted* * * * and one of them commences an action against the other, one debt may be set off against the other." While the English statute says that, "where there are *mutual debts between plaintiff and defendant*" they may be set against each other. It is plain that the terms employed in the former are of similar import to those employed in the latter. The debts due to be the subject of set-off must be mutual between the person who sues and the one sued, or between the plaintiff and defendant. If there is no debt due from the plaintiff at all, as here, how can the statute apply?

It is clear there is a lack of that mutuality of indebtment between the plaintiff and the defendants which is required to make the statute applicable. But it is contended by the defendants that section 8161, Revised Statutes, which provides that, "in actions on assigned accounts and negotiable instruments, the defendant shall be allowed every just set-off or other defense which existed in his favor at the time of being

notified of such assignment" confers the right of set-off in a case like the present.   In actions on assigned accounts and non-negotiable instruments by whom? Does it mean by any assignee whether the defendant have a claim against him or not? Or does it mean only such an assignee as against whom the defendant has a claim? Or does it mean that where there have been successive assignments and the defendant has a claim against an intermediate assignee that such claim can be set-off against that in the hands of the plaintiff, though the latter is not a debtor of the former?

In Waterman on Set Off, section 118, it is stated: "Although in an action by the assignee of a promissory note against the maker the defendant (the latter) may set-off any proper demand which he —: intermediate may have held against the payee, at any assignees: con- sideration. time previous to notice of the assignment to the latter; yet this right does not include demands subsisting against intermediate assignees, through whose hands such note or bond may have passed by blank indorsement or otherwise; unless there is an agreement between the parties to that effect, founded on some new consideration."   And this statement of the law is supported by a number of adjudicated cases. Hooper v. Spicer, 2 Swan's R. 494; Kennedy v. Manship, 1 Ala. 43; Stocking v. Toulmin, 3 Stew. & Port. 35; Blair v. Mathiott, 46 Pa. St. R. 262; Downey v. Thorp, 63 Pa. St. R. 322.   While Harris v. Burwell, 65 N. C. R. 584, at first glance would seem out of line with the cases last cited, yet when the facts of the case and the terms of the statute which influenced the decision therein are considered it will be found not to be so.   Applying the foregoing rule to the present case, it is clear that the defendants can not set off the plaintiff's claim with that held by them against the Frowein Brothers, the intermediate assignee, through

whose hands the plaintiff's demand passed by indorsement.

In an action on an assigned account or non-negotiable note a set-off could not be allowed but for the provisions of section 8161.

Under the English statute and our section 8160 unless there be a mutual indebtedness the right of set-off can have no existence. But section 8161 is a qualification of section 8160. Keeping in mind the provisions of the latter section, it will be seen that what is meant by the former is that where one of two mutually indebted parties is sued by the assignee of the other, that he shall be allowed every just set-off that he had against the other at the time of the notice of the assignment. The latter of these sections places the assignee and the defendant on the same footing that the assignor and the defendant occupied under the former.

But if the first assignee does not sue but passes the claim by assignment to a second assignee and the latter sues thereon, then the defendant will not be permitted to set-off plaintiff's claim with that he has on the intermediate assignee. The defendant's right of set-off against a claim is recognized by the statute to exist between himself and the other party, between whom and himself there was a mutual indebtedness and between himself and the assignee of the latter. The statute does not go beyond this. As has been already stated the right is not a creation of the common law, but of the statute, and if it does not exist under the statute it does not exist at all.

But there is still another reason why the judgment can not be upheld. It is this: The dividend was not declared until after the Frowein Brothers assigned the certificate to plaintiff. During the time Frowein Brothers held the certificate there

—: —: demand<br>not due: mutual-<br>ity.

was no cause of action thereon. They could not sue, though defendants could. Indebtedness is not mutual unless such as to entitle plaintiff to an action against defendant and defendant to an action against plaintiff. Weiss v. Wahl, 5 Mo. App. 408; McCuin v. Frazier, 38 Mo. App. 63. There was nothing due on the certificate whilst it was in the hands of the Frowein Brothers, as has just been stated, and for that reason it was not then the subject of set-off. Iller v. Rieger, 69 Mo. App. 64. No dividend having been declared on the certificate until after it had passed into plaintiff's hands the defendants then for the first time became liable.

It results, we think, from these considerations that the judgment was for the wrong party and can not be upheld. It will accordingly be reversed and cause remanded with directions to the circuit court to enter the appropriate judgment for plaintiff. All concur.