# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

# STATE OF MISSOURI

AT THE

## APRIL TERM, 1899.

STATE ex rel. WRIGHT et al. v. HORTSMAN et al., Appellants.

### Division One, April 14, 1899.

1. **Judgments Against County:** PRIORITY OF PAYMENT: STATUTES. A judgment against a county founded on warrants issued in a previous year or years, is not a lien on a fund raised by order of the circuit court under proceedings instituted at the instance of the county court pursuant to the provisions of section 7654, Revised Statutes 1889, to pay past indebtedness, and the holder of such judgment is not entitled to priority therein over other creditors; such fund is to be applied *pro rata* to all past indebtedness of the county.

2. ———: ———: ———: CURRENT EXPENSES. The fund so raised is not controlled by the provisions of sections 3166, 7663, 7666, Revised Statutes 1889, which relate only to warrants issued for the current county expenses for that year.

3. ———: ———: CONTINUOUS ORDER. The order of the circuit court in such case is continuous, running from year to year, until all the past indebtedness is paid, or until revoked in the way the law provides.

(290)

*Appeal from Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED.

W. E. RENFRO, LOUIS F. DINNING and H. W. HAMEL for appellants.

(1)   The judgment of relators has no precedence over the warrants composing the balance of said back or past indebtedness, and the warrants constituting the back or past indebtedness, including those upon which said judgment was rendered, should be paid  out of the fund raised for their payment in the order in which they were issued and presented.  R. S. 1889, secs. 3166 and 3167.   (2)  The relators, nor any other creditor of said county, can not set in motion a proceeding  to  invoke  the  aid  of  section  7654,  Revised Statutes 1889.   The county court of a county, alone is given that power.   There are a number of authorities in this State holding that the holder of a common county warrant can not collect the same by writ of mandamus, but must sue the county and obtain judgment.   In most all of these cases this was a mere dictum of the court; but all of them held that, where you have a warrant drawn upon a special fund, mandamus will  lie.   It is not the law that before a county treasurer can be forced to pay a warrant drawn upon a special fund, that the owner thereof would have to reduce the same to a judgment.   R. S. 1889, secs. 3191 and 3192; St. Louis v. Franklin Co., 65 Mo. 111.   (3)   Here the parties holding the warrants have not started the legal machinery in motion to obtain payment of their warrants, but the same was moved by the county court, and under the law, the county court is the only power that can invoke the aid of section 7654; and when a county court procures the order provided for in said section, and the money is collected in pursuance thereto, the parties holding county warrants can

compel their payment out of this fund by mandamus.    Sections 7653, 7654 and 7655, Revised Statutes 1889, were first enacted in 1879.    Prior to the Constitution of 1875 there was no limit to county indebtedness.    A party who held a warrant could sue the county and obtain a judgment and force the county court to levy a tax to pay the same.    Now, under the law and the Constitution, a party holding a warrant not issued for the current year, is powerless to collect the same.    He would be in no better condition if he had reduced the same to judgment, because there is no power known to the law to collect taxes except as provided by sections 7653 and 7654.

E. R. LENTZ for respondents.

(1)   The Constitution limits the rate of taxation for county purposes to fifty cents on each $100 valuation in counties having $6,000,000 valuation or less.    The county courts can not be compelled by mandamus to levy a greater rate than that prescribed; but within these limits the power of the courts to compel a levy for the purpose of paying judgments against the county remains the same as before the adoption of the Constitution of 1875. State ex rel. v. Rainey, 74 Mo. 236.   (2)  The relators were, at the time of the commencement of this action, in condition to enforce the payment of their judgment by mandamus, while the other claimants were not in condition to avail themselves of this remedy. State ex rel. v. Clay Co., 46 Mo. 231; Mansfield v. Fuller, 50 Mo. 340; State ex rel. v. Pacific, 61 Mo. 155; Bank v. Franklin Co., 65 Mo. 109; Cloud v. Pierce City, 86 Mo. 370. (3)   The judgment held by relators constituted a higher and superior class of indebtedness to that of any simple warrant or contract indebtedness, and entitled the relators to priority in the order of payment.   1 Chitty on Contracts (11 Am. Ed.), p. 3; Beach on Contracts, secs. 17 and 19;

Black on Judg., secs. 500 and 505; Bank v. Franklin Co., 65 Mo. 105; State ex rel. v. Pacific, 61 Mo. 155; Young v. Camden Co., 19 Mo. 309. (4) Neither the order of the county court, the petition of the prosecuting attorney, nor the order of the circuit court permitting the levy of eight cents, etc., specify what past indebtedness it was designed to pay. So that the funds arising from this levy are unappropriated so far as indicating what particular indebtedness is to be paid. The circuit court had the undoubted right to compel the application of all moneys arising from this and subsequent levies under said order to the payment of said judgment until it was fully paid. R. S. 1889, sec. 7665; State ex rel. v. Schell, 36 S. W. 209.

VALLIANT, J.—This is an appeal from the circuit court of Butler county awarding a writ of mandamus against the county court of that county, and the justices of that court, requiring them to appropriate a certain fund in the hands of the county treasurer towards the payment of a judgment against the county in favor of relators. The facts are undisputed.

In 1895 relators brought suit in the circuit court of Butler county against that county on certain warrants theretofore issued by the county court, and obtained judgment for $11,682.05. In May, 1897, the county court having assessed the taxes required for State and current county purposes as required by section 7653, Revised Statutes 1889, and it appearing that a further assessment of eight cents on the $100 valuation of taxable property might be made within the constitutional limitation, for the purpose of paying past indebtedness of the county, the county court made an order in due form requesting the prosecuting attorney to petition the circuit court for an order directing such assessment and levy for that purpose, as prescribed in section 7654, Revised Statutes 1889. This was done, the order was duly made by

the circuit court, and in pursuance thereof the county court made the assessment, and in the regular course of its business in making the appropriations of all county taxes to be collected for that year, as required by section 7663, Revised Statutes 1889, appropriated $2,500 as the fund to be derived from this extra assessment to the payment of past indebtedness.    At the time this suit was commenced there had been collected of that extra assessment and appropriation $1,900 which was in the hands of the county treasurer.

At the  date of the application to the circuit court for the order to make the extra assessment and on down to the filing of this suit, there was, besides the relators' judgment, a large amount of outstanding past indebtedness of the county which was evidenced by warrants duly issued by the county court.    All of these warrants, including those which entered into the relators' judgment, had in their regular course before any of the above mentioned proceedings, been duly presented to the county treasurer for payment in conformity with the provisions of section 3166, Revised Statutes 1889; and the warrants other than those in the relators' judgment were so presented for payment before those of the relators.

In their petition for mandamus, the relators take the position that having reduced their debt to judgment, it is of superior character to the debts evidenced only by warrants, and is entitled to be paid first; but they say that the county court takes the position that section 3166 governs, and that the warrants must be paid in the order in which they were presented, and relators' debt must take its place as the warrants on which it is founded rank in point of  presentation. Respondents  in their return deny that the judgment is superior in rank, so far as the money in the hands of the treasurer is concerned, to the warrants.    They say that having made the assessment in obedience to the order of the circuit court, and having made the appropriation of $2,500 as the

proceeds of that assessment for the payment of past indebtedness, their duty with the matter is ended, the money that is collected is in the hands of the county treasurer and its disbursement is his concern.   But they say that if they have the duty to direct how it shall be disbursed they will, if left to their own judgment, pay it out on the warrants in the order of their former presentment as provided in section 3166, Revised Statutes 1889.   The circuit court took the relators' view of the case and issued the peremptory writ.

I.   For certain purposes a judgment creditor is in a more advantageous position to enforce payment of his debt than a simple contract creditor.   For example, as is argued by the learned counsel for the relators, a judgment creditor may, under certain circumstances, invoke the writ of mandamus in his aid, while a simple contract creditor under the same circumstances, would have no such remedy.   That is because, if the respondent should deny the validity of the debt, that issue could not be tried in such a suit.   It may be doubted if the prosecuting attorney of the county could be compelled by mandamus to petition the circuit court to order the assessment provided for in section 7654, Revised Statutes 1889, since the law requires of him the exercise of his judgment as to its necessity; but if it be conceded that relators, by virtue of being judgment creditors could have compelled the county officers to put that machinery in motion, that is all they could have done.   Their judgment gave them no lien on the property or revenue of the county, and they could not have compelled the county court to levy a tax to pay their debt in preference to other debts of equal merit. In this case the county court of its own motion instituted the procedure required by the statute, and it recognizes the validity of the debts evidenced by warrant.   The fund now in the hands of the county treasurer is not the product of any action taken by the relators.   The law gives them no lien on

it and there is no reason why they should have it applied to their debt in preference to others.

II. But the respondents are mistaken in their construction of section 3166, Revised Statutes 1889. The order therein prescribed for the payment of warrants, relates only to warrants drawn for the county expenses for the current year, and has no application to past indebtedness. [Andrew Co. ex rel. v. Schell, 135 Mo. 31.]

This section is to be read in connection with section 7663 and 7666. The one prescribes the duty of the county treasurer; and the others, duties of the county court in relation to the same subject. When the county revenue is levied, it is to be apportioned into five specific funds and appropriated accordingly by the county court as in section 7663 directed. Then every warrant that is drawn against it is to specify on its face the particular fund against which it is drawn (section 7666); and it is payable only out of that fund. Section 3166 directs the county treasurer to observe and distinguish those several funds, and pay the warrants out of the funds against which they are respectively drawn, and in the order of their presentation. It is manifest, therefore, that section 3166 contemplates the apportionment required by section 7663 and warrants drawn as prescribed in section 7666.

The warrants in question in this case were issued several years previous to the levy which produced the fund now sought to be reached, and of course could not have been drawn against it, and therefore the direction in section 3166 to the treasurer to pay them "out of the funds mentioned in such warrants, and in the order in which they shall be presented," etc., has no application here.

The respondents correctly interpret the law that when they made the assessment and caused it to be levied and made the order appropriating it for the purposes for which

it was levied, their duty was ended, and the duty and responsibility of disbursement was on the county treasurer.

The order of the county court appropriating it to the payment of past indebtedness does not create it into a sixth subdivision with like effect as provided in section 7663 for the five subdivisions therein specified. Neither that section nor section 3166 has any relation to this fund.

The order of the circuit court raises this fund for the sole purpose of paying the county's past indebtedness, there is no discrimination and no preference, and neither the county court nor the county treasurer has the power to do otherwise than apply it *pro rata* to all the past indebtedness. The law provides that it shall be a continuous order running from year to year until all the past indebtedness is paid or until revoked as the law provides.

The judgment of the circuit court awarding the peremptory writ of mandamus is reversed. All concur.