STURDIVANT BANK, a Corporation, Appellant, v. STODDARD COUNTY, a Municipal Corporation.—58 S. W. (2d) 702.

Court en Banc, March 21, 1933.

*Dearmont & Russell* for appellant.

*A. T. Welborn* and *R. Kip Briney* for respondent.

ATWOOD, J.—The Sturdivant Bank sued Stoddard County on 189 county warrants and recovered a judgment for $7,167.92 covering all of said warrants except three. The trial court found that defendant was entitled to off-set its liability on these three warrants, which aggregated $395.08, with an equal amount of defendant's deposit which it had in the Bloomfield Bank and Trust Company as county depositary in the name of E. E. Good, County Treasurer, when said bank closed its doors because of insolvency on December 2, 1930, and said items of indebtedness were adjudged to off-set and cancel each other. Plaintiff appealed from the judgment, and the propriety of the allowance of this off-set is the only question before us. We have jurisdiction because respondent is a political subdivision of the State. [Sec. 12, Art. VI, Constitution of Missouri.]

The three warrants in question were issued by the County Court of Stoddard County in the month of April, 1928, for the principal sum of $108 each, payable to the Bloomfield Bank and Trust Company and drawn against the general revenue of said county for the year 1928. On or about the date of issue these warrants were duly presented to the County Treasurer of Stoddard County who refused payment and, pursuant to Section 12171, Revised Statutes 1929, dated and subscribed the following certificate on the back of each of said warrants: "The within warrant presented for payment and no money in the treasury for that purpose." Thereafter, and prior to said closing of the Bloomfield Bank and Trust Company, appellant Sturdivant Bank acquired these warrants by blank indorsement and not in compliance with Section 12172, Revised Statutes 1929.

It appears from the evidence that the Bloomfield Bank and Trust Company was duly made the county depositary of Stoddard County on May 6, 1929. On that date and until after the closing of said depositary E. E. Good was the treasurer of said county. It appears from the evidence that said bank kept the county's general revenue of 1928 with other county funds in one account carried in the name of E. E. Good, Treasurer of Stoddard County, and that when the bank closed its doors on December 2, 1930, this account contained $12,638.49 consisting of county revenues of 1928 and 1929 and county road and bridge funds. It further appears that these various funds were separated on records kept by the county treasurer, and he testified that when said depositary closed he had on deposit in this account the sum of $869.23 of the county's general revenue of 1928 and the sum of $7,068.31 of the county's general revenue of 1929, but that this deposit of the county's general revenue of 1928 was insufficient to meet all other outstanding and unpaid warrants which had been drawn against the same revenue and duly presented for payment and certified because of no funds for that purpose

prior to the presentment and certification of the three warrants here in question. The only notice that he ever received, prior to the failure of the depositary bank, that any of defendant's warrants had been acquired by the Sturdivant Bank was a letter from the latter's president, dated February 25, 1930, advising him that the Sturdivant Bank had about $6000 of Stoddard County warrants, but giving him no information as to the number or dates of issue, and on that date there was in said account in said county depositary the sum of $1,087.74 of Stoddard County's general revenue of the year 1928, which was insufficient to meet all then outstanding warrants which had been presented and certified before presentment of the three warrants aforesaid.

Respondent concedes that these warrants are non-negotiable instruments and that "the defendant is entitled as against the plaintiff to every just set-off or other defense which existed in its favor at the time of being notified of such assignment." Appellant's entire argument is thus briefly stated: "If the Bloomfield Bank and Trust Company could not have charged these warrants to the account of the county treasury in the Trust Company at the time it closed its doors, certainly the county will not now be permitted to off-set the warrants with county revenue on deposit in the Trust Company which was not applicable to the payment of these warrants. The element of mutuality required by Section 837, Revised Statutes 1929, is lacking."

■ ■ We have held that a county warrant is a non-negotiable instrument (Isenhour v. Barton County, 190 Mo. 163, 170, 88 S. W. 759), and Section 838, Revised Statutes 1929, provides that in actions on "assigned accounts and non-negotiable instruments, the defendant shall be allowed every just set-off or other defense which existed in his favor at the time of his being notified of such assignment." So much for the legal propositions conceded.

It does not appear from the evidence that defendant had notice of the assignment of the particular warrants here in question until some time after the county depositary was closed on December 2, 1930. It was frankly alleged in plaintiff's petition that none of the warrants sued on "bear the endorsement thereon required by statute, and by reason thereof the legal title did not pass from the several payees named in said warrants," but plaintiff was alleged to be the equitable owner thereof and recovery in a lump sum was sought on the ground of avoidance of a multiplicity of suits. Counsel for defendant apparently acquiesced in this procedure, and at the trial abandoned every defense pleaded except the right to off-set its liability on the three warrants made payable to the Bloomfield Bank and Trust Company. So, the exact question for determination is whether at the time the insolvent county depositary closed its doors

on December 2, 1930, Stoddard County had the right to set off its aforesaid deposit to the extent above mentioned against its three warrants previously issued and made payable to said county depositary and presented to the county treasurer and marked presented for payment and no money in the treasury for that purpose, but not then payable out of said deposit because of other outstanding warrants drawn against the same revenue and similarly certified prior to their presentment and certification.

Counsel for appellant say that no such right existed because the payee bank at the time it closed its doors "could not have charged these warrants to the account of the county treasury."

Section 837, Revised Statutes 1929, relating to set-off, is quite broad and reads as follows: "If any two or more persons are mutually indebted in any manner whatsoever, and one of them commence an action against the other, one debt may be set off against the other, although such debts are of a different nature." The right to assert set-off at law is of statutory creation, but courts of equity from a very early day have been accustomed to grant relief in that regard independently as well as in aid of statutes upon the subject. [Scott v. Armstrong, 146 U. S. 499, 507.] They usually put the same construction on such statutes as do courts of law, and generally follow the law in regard to matters of set-off, unless a relaxation of, or departure from, the rules obtaining in courts of law is necessary to prevent wrong and injustice (57 C. J. p. 362, sec. 6; Barnes v. McMullins, 78 Mo. 260, 271; Turner v. Mountain View Bank (Mo. App.), 19 S. W. (2d) 19, 20); and insolvency of the party against whom a set-off is claimed may be a sufficient ground for the allowance of the set-off in equity. [Field v. Oliver, 43 Mo. 200, 203; Reppy et al. v. Reppy et al., 46 Mo. 571, 573; Barnes v. McMullins, 78 Mo. 260, 271; Brown et al. v. Stotts City Bank et al., 327 Mo. 747, 38 S. W. (2d) 722, 724; 57 C. J. p. 364, sec. 9, n. 96; 24 R. C. L. p. 843, n. 1.]

It is a rule of practically universal application that to warrant a set-off at law the demands must be mutual and subsisting between the same parties, due in the same capacity or right, and there must be mutuality as to the quality of right. [57 C. J. pp. 444, 445, sec. 95; 24 R. C. L. pp. 838, 839, sec. 44.] This must be so because the allowance of a set-off is a payment *pro tanto* then and there of plaintiff's demand. If defendant's demand is due and payable while plaintiff's is not, or if a statute prohibits defendant's payment of plaintiff's demand out of what is tendered as an off-set, it seems clear that the parties are not "mutually indebted." Does such a conclusion fit this case?

In Isenhour v. Barton County, 190 Mo. 163, 170, 88 S. W. 759, we held that county warrants are merely evidences of indebtedness, and

that the General Assembly had the power to provide, as it did by what is now Section 12171, Revised Statutes 1929, that when any such warrant is presented for payment, if there is no money in the treasury for such purpose, the treasurer shall so certify on the back of the warrant, and shall date and subscribe the same. Section 12139, Revised Statutes 1929, further provides that "all warrants so presented shall be paid out of the funds mentioned in such warrants, and in the order in which they shall be presented for payment." ■ Also, we have ruled in State ex rel. v. Hortsman, 149 Mo. 290, 295, 50 S. W. 811 (opinion disapproved in some respects in State ex rel. v. Johnson, 162 Mo. 621, 633, 63 S. W. 390, but reaffirmed in this) that a judgment founded on a county warrant gives no preference over the warrant as to payment. Now it does not appear from the record in the instant case that the county, either on December 2, 1930, when the county depositary closed its doors or thereafter, had any fund out of which any of the warrants in question could have been lawfully paid, nor in law were they payable until there was money in the county treasury for that purpose. Hence, plaintiff and defendant in this case were not "mutually indebted in any manner whatsoever" within the meaning of the above set-off statute.

■ Counsel for respondent further say that this being a suit in equity the insolvency of the county depositary entitled the county to set off its deposit against the three warrants made payable to the bank. However, the reason for allowing an equitable set-off in a case where the plaintiff is insolvent is the apparent injustice of compelling the defendant to pay the demand against it and take the uncertain chances of plaintiff's insolvency (Barnes v. McMullins, 78 Mo. 260, 271; 24 R. C. L. p. 843, sec. 48, n. 2), but under the facts here disclosed the county is protected by statute from immediate payment. Moreover, equity will not allow a set-off where such would work an injustice to others having equal equities. [57 C. J. p. 363, sec. 7, notes 68, 69, 70; 24 R. C. L. p. 805, sec. 13, n. 20.] An allowance of the set-off here contended for would subordinate the payment of other county warrants bearing certificates of prior presentment to the payment of the warrants held by plaintiff, though plaintiff under the law was not entitled to payment from any of the county funds on deposit. This would not only be contrary to the express language of Section 12139, Revised Statutes 1929, but manifestly would be unjust to the holders of such other warrants who, though interested in such deposit by reason of their prior right to payment, are not parties to this suit.

Counsel for respondent chiefly rely upon Johnson v. City of Aberdeen, 147 Wash. 482, 266 Pac. 707, 710; First National Bank v. School District No. 28, 238 N. W. 634, 636; Maryland Casualty v. Grays Harbor County, 293 Pac. 441; and Leonard v. Taylor, 183

Ark. 933, 39 S. W. (2d) 704, but an examination of these cases discloses that none of them involved statutory law and facts similar to such as are here deemed controlling.

For the reasons above stated the judgment is reversed and the cause remanded with instructions to set aside said judgment, disallow defendant's off-set, and enter judgment for plaintiff, as of date of the original judgment, in the sum of $7,563. All concur.