Douglas County and Willis H. Mitchell, County Treasurer, Appellants; v. Bank of Ava et al.—65 S. W. (2d) 104.

Division One, October 19, 1933.

Moore & Moore for appellants.

*Farrington & Curtis, Paul W. Barrett* and *Chas. M. Farrington* for respondent.

STURGIS, C.—This suit involves the right of set-off between a county and its insolvent depository.

On October 23, 1930, the Bank of Ava, a banking corporation at Ava, Douglas County, Missouri, ceased business and placed its business and assets in the hands of the State Commissioner of Finance for the purpose of liquidation as provided by statute. At the time of its failure and for more than a year prior thereto, such bank had been and was acting as county depository of Douglas County, being duly selected and qualified as the law directs. Willis H. Mitchell was county treasurer of said county and as such was intrusted with

the custody and handling of its funds. Douglas County is the real party plaintiff and will be referred to as such. At the time the bank failed and its property and assets were taken in charge by the State Finance Commissioner, there was a deposit balance in said bank of public funds of said county and its subdivisions, credited in the name of the county treasurer, Willis H. Mitchell, to the amount of $15,-278.58, which was theretofore subject to his check. In making deposits the county treasurer made no mention or designation of the source of the funds deposited or to what fund or account the same belonged, and the bank made no such inquiry and was not required to make same, but merely deposited so much money, placed it to his credit as county treasurer, and held it subject to his check. It was agreed, however, at the trial of this case that, as a matter of fact, the money so on deposit at the time of the bank's failure included amounts belonging to the following funds, to-wit:

| | |
|---|---:|
| To the various School Districts of Douglas County, Missouri, not including Consolidated School Districts, whose funds are not handled by the County Treasurer, the sum of | $12,640.77 |
| To the common road fund and the road and bridge fund of Douglas County, Mo., | 644.00 |
| To criminal costs and tax over-plus, | 111.15 |
| To interest on Permanent School Funds, | 220.28 |
| To Permanent School Fund, 16th Section, | 133.05 |
| To Special Road Districts, | 1,077.81 |
| To 1930 County Revenue, | None |
| | $14,827.06 |

It was also agreed that at the time of the bank's failure it was the owner of various county and school warrants issued by the proper officers of Douglas County, Missouri, and its subdivisions, on the various funds held by the county treasurer, totaling, with interest the sum of $3,685.33, which had been duly protested and had for the length of time protested borne interest at the rate of six per cent per annum. No question about the validity of these warrants or script is made by either party. Said warrants or script are drawn upon the following funds of Douglas County, Missouri, to-wit:

| | |
|---|---:|
| 89 county warrants drawn on the 1930 county revenue fund of Douglas County, aggregating, without interest, | $3,625.21 |
| School warrant, District 35, | 9.75 |
| School warrant, District 97, | 20.00 |
| School warrant, District 19, | 4.20 |
| Miller Township Special Road District, | 3.00 |
| | $3,662.16 |

Following the procedure prescribed by statute for liquidating failed banks, Douglas County and its treasurer presented to and filed with the Commissioner of Finance in charge of the assets and liquidation of the Bank of Ava for allowance its claim for the total sum of $15,278.58, the amount of its deposit, and asked that same be allowed and then paid in the following manner: That the sum of $3,941.54 be allowed as a preferred claim to be paid out of the assets of the defunct bank in preference to the claims of general creditors; that the sum of $3,685.33 (the amount of the county and school warrants owned by it plus interest, the subject matter of this suit) be allowed as an offset and deducted from the amount of the county deposit in the defunct bank; and that the balance of the deposit to the credit of the county treasurer, to-wit, $7,651.71, be allowed as a general or common claim against the defunct bank and its assets. The Commissioner of Finance disallowed the claim for a preference and that matter was litigated in the circuit court and by appeal in this court, an opinion therein being handed down concurrently herewith under the title of Willis H. Mitchell, Treasurer, v. Bank v. Ava, 333 Mo. 960, 65 S. W. (2d) 99. The plaintiff also filed the present suit in the Circuit Court of Douglas County, asking that court to enter a decree establishing plaintiff's right to a set-off for the amount of $3,685.33, the amount of the county and school warrants owned and held by defendant, against the amount due from said bank by reason of said bank deposit, and that in allowing plaintiff's claim as a creditor of the defunct Bank of Ava the amount of said county and school warrants which plaintiff owes the Bank of Ava be deducted, and that said warrants be properly surrendered and canceled.

No question is made on the pleadings or the procedure, and while it is generally the defendant who asks for a set-off, yet as the law requires persons having claims against insolvent banks to present and establish such claims within a limited time, the creditor in doing so may well assert his right to a set-off. Plaintiff agrees that the only question for consideration by this court is the right of Douglas County to set-off what it owes the Bank of Ava, evidenced by county and school warrants, against what that bank owes it, evidenced by the deposit. The trial court, on the facts stated, allowed to plaintiff an offset of $755.15, an amount equal to the deposit items of road and bridge funds, $644, and the item of criminal costs and tax overplus, $111.15, on the theory that such funds were "the property of and belonged to Douglas County." The defendant bank owned and held county revenue warrants much in excess of this amount. The trial court also allowed the plaintiff a set-off equal to the three school district warrants owned by it, though not obligations of the county but of individual school districts (Secs. 9266 and 9233, R. S. 1929), and also the amount of the warrant of Miller Township

Special Road District, also an obligation of that Special Road District (Sec. 8064, R. S. 1929); aggregating $36.95, on the theory that each of said districts was interested in the bank deposit in question "in an amount in excess of the warrants hereinabove described." On this appeal by plaintiff we are not concerned with the correctness of this action. The court adjudged that the balance of the deposit be allowed as a general claim. What the plaintiff as appellant complains of here is that the trial court refused to allow and decree to be a proper set-off in its favor as against this bank deposit the balance of the county revenue warrants owned and held by it, being the eighty-nine county warrants drawn on the 1930 county revenue fund, amounting to $3,625.21.

 There was no money in this fund and it is apparent that if such county warrants drawn against the 1930 county revenue fund are to be paid by way of set-off out of the bank deposit in question (and plaintiff asks that they be so paid and be canceled as obligations of the county), such payment must be made out of the funds on deposit representing school funds and belonging to the various school districts of Douglas County and out of the item of special road district funds belonging to the various special road districts. This would, in effect, be appropriating and using the funds of one corporate body to pay the debts of another. The trial court correctly held that the school funds and the special road district funds could not be used to pay county warrants drawn on and payable out of county revenue funds. [Ray County v. Bentley, 49 Mo. 236; Smallwood v. Lafayette County, 75 Mo. 450.]

In a similar case, Sturdivant Bank v. Stoddard County, 332 Mo. 568, 58 S. W. (2d) 702, this court said: "This must be so because the allowance of a set-off is a payment *pro tanto* then and there of plaintiff's demand. If defendant's demand is due and payable while plaintiff's is not, or *if a statute prohibits defendant's payment of plaintiff's demand out of what is tendered as an offset,* it seems clear that the parties are not 'mutually indebted.' . . . Now it does not appear from the record in the instant case that the county, either on December 2, 1930, when the county depositary closed its doors or thereafter, had any fund out of which any of the warrants in question could have been lawfully paid, nor *in law were they payable until there was money in the county treasury for that purpose.* Hence plaintiff and defendant in this case were not 'mutually indebted in any manner whatsoever' within the meaning of the above set-off statute."

 By Section 12139, Revised Statutes 1929, it is provided that "all warrants so presented shall be paid out of the funds mentioned in such warrants," and not out of the funds provided for another purpose. These county warrants drawn on the county revenue fund had been protested and payment refused on the very ground

that there was no money in such fund available for that purpose (Sec. 12171, R. S. 1929), and that condition continued and existed at the time the defendant bank failed and was taken in charge by the Finance Commissioner. The failure of such bank certainly could not and did not change that condition, but rather made it permanent so far as the bank was concerned as no further deposit could be made.

The test of the right to set-off is the mutuality of the indebtedness. In the Sturdivant Bank case, supra, it is said: "It is a rule of practically universal application that to warrant a set-off at law the demands must be mutual and subsisting between the same parties, due in the same capacity or right, and there must be mutuality as to the quality of right. [57 C. J., pp. 444, 445, sec. 95; 24 R. C. L., pp. 838, 839, sec. 44.]" In Frowein v. Calvird & Lewis, 75 Mo. App. 567, 570, the court held that debts, to be the subject of set-off, must be mutual between the person who sues and the person sued. "Indebtedness is not mutual unless such as to entitle plaintiff to an action against defendant and defendant to an action against plaintiff." It is evident here that if the defendant bank had sued plaintiff on these county warrants drawn on and payable out of the county revenue for 1930, it would not be a complete defense to show that the county had no such funds out of which to pay same, but the status of any judgment obtained against the county on these warrants drawn on the county revenue fund would be subject to the same limitations and restrictions as to payment as the warrants themselves and could not be enforced against the deposit now in question belonging to other funds. [State ex rel. Wright v. Hortsman, 149 Mo. 290, 295, 50 S. W. 811, as modified by State ex rel. National Bank of Rolla v. Johnson, 162 Mo. 621, 63 S. W. 390, approved in Sturdivant Bank v. Stoddard County, supra.]

Plaintiff makes the point that the statute law creating county depositories and requiring such depository to give bond guaranteeing the faithful keeping and accounting for all funds coming into its hands as such, creates the relation of debtor and creditor between the county and such depository bank; and so it is held in Henry County v. Salmon, 201 Mo. 136, 100 S. W. 20. That case, however, has no application here. It deals with the question of liability of the sureties on such depository bond for all funds, whether belonging to the county as such or to school districts, road districts, etc. Such liability is fixed and determined by the statute (Sec. 12187, R. S. 1929), which extends the liability to cover all the funds which the county or county treasurer handles and controls. As to all such funds, the relation of debtor and creditor between the county and the depository is created by force of the statute. The present case, however, does not deal with the question of liability on the depository bond. The question here presented must be determined by the statute relating to set-off and such statute does not give the right of set-off

merely because the relation of debtor and creditor exists for certain purposes, but only where there is a mutuality of the indebtedness. The ownership by the depository bank of these county revenue warrants in question is individual and such bank has no other or greater rights than any other individual owner of like warrants. It acquired the warrants with knowledge of and subject to the restrictions and limitations attaching to the payment of same. There is no mutuality between the debt owed by plaintiff to defendant on these county revenue warrants and the debt owed by the defendant to plaintiff on the deposit account made up of school and road district funds since there is not the same capacity and quality of right.

The judgment of the trial court denying the set-off is affirmed. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All the judges concur.